[Orig. No. 250.  Second Appellate District, Division Two.—October 31, 1922.]

## In the Matter of the Petition of HERSCHEL R. HARRISON.

[1] ATTORNEY AT LAW—ADMISSION OF ALIEN—AMENDMENT OF CODE— NUNC PRO TUNC ORDER.—The petitioner, a British subject, having taken the examination required by law in the case of applications for admission to the bar prior to the date the amendment in 1921 of section 275 of the Code of Civil Procedure became effective, but the board of bar examiners not having made its order admitting him to the bar until about two months after that date, the appellate court did not have the power to make an order admitting him as of a day prior to the effective date of that amendment.

APPLICATION for a *nunc pro tunc* order admitting petitioner to the bar. Denied.

The facts are stated in the opinion of the court.

Clark, Law & Clay for Petitioner.

WORKS, J.—Petitioner, who is a British subject, being a native of Canada, in June, 1921, filed with the state board of bar examiners his application for admission to the bar. On June 29 and 30, and on July 1, 1921, he took the examination required by law in the case of such applications; and on or about September 26, 1921, the board of examiners made its order admitting him to the bar. Unfor-

tunately for petitioner, however, on or about July 29, 1921, there had become effective an amended section 275 of the Code of Civil Procedure. The amended section reads:

"Any citizen of the United States, residing within this state, of the age of twenty-one years, of good moral character, and who possesses the necessary qualifications of learning and ability, is entitled to admission as attorney and counselor in all of the courts of this state; provided, however, that all persons who are aliens, and who have, at the time of the taking effect of this act, been admitted as attorney and counselor and have not secured their final papers of citizenship, shall within six months after becoming entitled to final papers of citizenship be required to secure final citizenship papers, and in case of their neglect, or failure so to do, any certificate or license to practice law heretofore issued to such alien person shall after one year from date of the taking effect of this act, forfeit and become null and void, and the clerk of the supreme court shall forthwith revoke the same."

[1] The order of the board of bar examiners admitting petitioner to the bar was, of course, ineffective under the terms of this enactment, and it is for that reason that petitioner now asks an order admitting him as of a day prior to the effective date of the amendment. The petition cannot be granted. The section is direct and positive in its terms and there is no doubt that it covers the case of petitioner. It was for the legislature, and it is not now for us, to write exceptions into the statute, as our power is merely to judge and not to legislate.

Petition denied.

Finlayson, P. J., and Craig, J., concurred.